wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lac Vieux Desert Band of Lake Superior Chippewa Indians Holdings Mexico, LLC) et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Atlico USA, LLC et al., <br><br> Defendants. | No. CV-08-1067-PHX-ROS <br><br> **ORDER** |

## Background

On November 6, 2008, the Court granted Plaintiff Lac Vieux Desert Band of Lake Superior Chippewa Indians Holdings Mexico, LLC's (LVDHM) motion to amend its Complaint (Doc. 43). Among other amendments, Plaintiff LVDHM's First Amended Complaint joined Lac Vieux Desert Band of Lake Superior Chippewa Indians, a federally recognized Indian Tribe (the Tribe), as a Plaintiff to the action (Doc. 44). Because subject matter jurisdiction over this case is dependant on satisfying the requirements of 28 U.S.C. § 1332, the Court ordered the parties to brief two issues: (1) Whether joinder of Plaintiff Tribe destroys complete diversity and (2) If complete diversity does not exist, whether to remand (Doc. 43 at 11).

**Discussion**

Because Defendants removed this action pursuant to 28 U.S.C. §§ 1332, 1441 and do not assert another ground on which this Court may assert jurisdiction, maintenance of this action will require a showing of complete diversity (Doc. 1). See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530-21 (1967) (interpreting 28 U.S.C. § 1332 to require complete diversity among plaintiffs and defendants). Section 1332 generally defines diverse actions as those involving citizens of different States or citizens of the United States and citizens of a foreign state (or the foreign state itself). See 28 U.S.C. § 1332(a). Plaintiff Tribe, as a federally recognized Indian Tribe, is not a citizen of a State, a citizen of a foreign state, or a foreign state. See Am. Vantage Co.'s, Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1098 (9th Cir. 2002) (federally recognized Indian Tribe is not contemplated in the diversity jurisdiction statute).

Defendants do not dispute that the Tribe's joinder destroys complete diversity (Docs. 50-51). Instead, Defendants argue that joinder of the Tribe does not divest the Court of subject matter jurisdiction because the Court must determine diversity at the time the action was commenced and complete diversity existed at the commencement of the action (Doc. 50 at 4). However, the federal removal statute states otherwise: "If after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In this way, a court may remand a case that had been previously removed to federal court via diversity jurisdiction if a diversity-destroying party subsequently joins the action. See Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir. 1993), *overruled on other grounds*.

Most of Defendants' citations for the proposition that a federal court must determine diversity at the time of the action's commencement predate the 1988 Judicial Improvements and Access to Justice Act, the source of § 1447(e), and thus were abrogated by Congress (Doc. 50 at 4). Only one case decided after 1988 supports Defendants' argument. See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (*per curiam*) ("We

1 have consistently held that if jurisdiction exists at the time an action is commenced, such
2 jurisdiction may not be divested by subsequent events."). While Freeport's sweeping
3 language suggests a legal principle at odds with the 1988 Judicial Improvements and Access
4 to Justice Act amendment, nowhere in Freeport does the Court explicitly discuss § 1447(e).
5 More important, even if Freeport had discussed and disagreed with § 1447(e), the Supreme
6 Court would not have been authorized to invalidate the statute, since diversity jurisdiction
7 and the complete diversity rule are creatures of neither Article III nor any other constitutional
8 provision, but rather are statutory creations and fall entirely within the prerogative of
9 Congress. See State Farm Fire & Cas. Co., 386 U.S. at 530-21  (interpreting the federal
10 diversity requirement as a statutory creation, not rooted in the Constitution); see also e.g.
11 Cobb v. Delta Exp.'s, Inc., 186 F.3d 675, 680 (5th Cir. 1999) ("Courts, of course, may
12 overrule statutes on constitutional grounds, but the limits of diversity jurisdiction are
13 determined purely by statute . . . Hence, the [Supreme] Court must defer to § 1447(e), and
14 in reading *Freeport-McMoRan,* we should assume the Court did so.").

15 Te Court will adopt the holding of a number of circuits construing Freeport narrowly,
16 as it pertains to substitution of parties under Federal Rule of Civil Procedure 25. See e.g.
17 Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139-40 (1st Cir.
18 2004); Ingram v. CSX Transp., Inc., 146 F.3d 858, 861-62 (11th Cir. 1998); Cobb, 186 F.3d
19 675, 680.[1]

20 Defendants' remaining arguments are unavailing. Defendants' citation to Williams
21 v. CostCo Wholesale Corp. is inapposite because that case dealt with analysis of whether an
22 action was properly removable (Doc. 50 at 4). See 471 F.3d 975, 976 (9th Cir. 2006). Here,

---

[1] Ninth Circuit jurisprudence does not require a different outcome. The Ninth Circuit has cited Freeport approvingly in only two published opinions. In one opinion, the Court construed Freeport to stand for the limited proposition that "the presence of a nondiverse and not indispensable defendant intervenor does not destroy complete diversity." Mattel, Inc. v. Bryant, 446 F.3d 1011, 1013 (9th Cir. 2006). In the other opinion, the Court cited Freeport for the equally limited proposition that "a federal court is not divested of jurisdiction if a party subsequently moves to another state." Hill v. Blind Indus. and Serv.'s of Md., 179 F.3d 754, 757 (9th Cir. 1999).

- 3 -

1  Defendants appropriately removed the action and no party questions the propriety of this
2  removal. Defendants' citation to <u>Takeda v. Nw. Nat'l Life Ins. Co.</u>, 765 F.2d 815 (9th Cir.
3  1985) and Federal Rule of Civil Procedure 19 is also inapposite (Doc. 51 at 3-5). <u>Takeda</u>,
4  insofar as it requires a Rule 19 indispensability analysis to determine the propriety of
5  remanding a removed action to state court because of a diversity-destroying joinder, was
6  abrogated by the plain terms of § 1447(e).

7  Accordingly,

8  **IT IS ORDERED** this case is remanded to Arizona Superior Court, in the County of
9  Maricopa, for further proceedings. The Clerk of Court shall close this case.

11 **FURTHER ORDERED** Defendants' Motion To Dismiss For Lack of Personal
12 Jurisdiction (Doc. 13) **IS DENIED AS MOOT**.

13
14 **FURTHER ORDERED** Defendants' Motion To Dismiss For Lack of Subject Matter
15 Jurisdiction (Doc. 14) **IS DENIED AS MOOT**.

16 **FURTHER ORDERED** Defendants' Motion and Incorporating Memorandum To
17 Strike (Doc. 36) **IS DENIED AS MOOT**.

18
19 **FURTHER ORDERED** Defendants' Supplemental Motions To Dismiss (Doc. 46)
20 **ARE DENIED AS MOOT**.

21 **FURTHER ORDERED** Plaintiffs' Motion For Alternative Service (Doc. 55) **IS
22 DENIED AS MOOT**.

23
24 **FURTHER ORDERED** Defendants' Motion To Stay (Doc. 60) **IS DENIED AS
25 MOOT**.

26
27
28

1    DATED this 17th day of February, 2009.

Roslyn O. Silver
United States District Judge